Citation Nr: 1719081 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 13-10 026 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a thyroid disability, and if so, whether the reopened claim should be granted.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

A.Spigelman, Associate Counsel



INTRODUCTION

The Veteran had active military service from February 1983 to June 1983 and from October 1988 to October 1991. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

The Board notes that the July 2012 rating decision indicated that the scope of the Veteran's thyroid disability was entitlement to service connection for Graves' disease. Review of the record indicates that the Veteran has been diagnosed with Graves' disease, as well as hyperthyroidism and iatrogenic hypothyroidism. Accordingly, the Board has recharacterized the issue on appeal as service connection for a thyroid disability to better reflect the scope of the claim. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). 


FINDINGS OF FACT

1. An unappealed September 1985 rating decision denied reopening the claim of entitlement to service connection for Graves' disease.

2. The evidence associated with the claims file subsequent to the September 1985 rating decision includes evidence that related to an unestablished fact necessary to substantiate the claim, is neither cumulative or redundant of evidence already of record, and raises a reasonable possibility of substantiating the claim of entitlement to service connection for a thyroid disability. 

3. The Veteran's thyroid disability is had its onset during her first period of active service. 


CONCLUSIONS OF LAW

1. New and material evidence has been received sufficient to reopen a claim of entitlement to service connection for a thyroid disability. 38 U.S.C.A. §§ 5108, 7104, 7105 (West 2014); 38 C.F.R. § 3.156 (2016).

3. A thyroid disability was incurred in active service. 38 U.S.C.A. §§ 1110, 1131, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Claim to Reopen

The evidence that has been received since the September 1985 rating decision includes the Veteran's lay statements, citing to medical literature, in which she reported that Graves' disease can be triggered by emotional distress. She has also reported that she experienced significant emotional distress while in service as a result of the fact that as a woman, she was not treated very well, she was subject to harsh working conditions, and she faced continual sexual harassment. 

The Board finds that the Veteran's statements are new and material. The Board notes that they are not cumulative or redundant of the evidence previously of record. Moreover, they raise a reasonable possibility of substantiating the claim of entitlement to service connection for a thyroid disability. Accordingly, reopening of the claim of entitlement to service connection for a thyroid disability is warranted.




Entitlement to Service Connection for a Thyroid Disability

The Veteran asserts that she has a thyroid disability as a result of her active service. Service treatment records (STRs) do not specifically show treatment for, or a diagnosis of, a thyroid disability while the Veteran was in active service. However, the Veteran was seen several times beginning in at least April 1983 for complaints of leg pain. There was no diagnosis made while she was in active service, but there is no indication from the record that they symptoms resolved prior to her separation. 

In late November/early December 1983, the Veteran reported to the VA Medical Center with the same reports of swelling in her lower left leg that she described while in active service. Following various diagnostic tests, it was determined that the Veteran had Graves' disease of the thyroid. In December 1983, she was started on medication for control of that disability.

In February 2012, the Veteran was afforded a VA examination. At that time, the examiner confirmed the diagnosis of Graves' disease and opined that it existed prior to her active service and was not aggravated by service beyond the natural progression. 

The Board finds the February 2012 VA opinion to be inadequate as it did not address whether the Veteran's thyroid disability may have had its onset during her first period of active service. As the opinion is not adequate, it cannot serve as the basis of a denial of entitlement to service connection. 

In sum, the Veteran reported left lower extremity pain and swelling during active service. A diagnosis was not made during service and there is no indication from the STRs that many diagnostic or laboratory tests were performed at that time. Less than six months following her separation from active service, the Veteran was seen at the VA Medical Center for identical complaints of left lower extremity swelling and following diagnostic testing, was diagnosed with Graves' disease. 

Therefore, the Board finds that the evidence for and against the claim is at least in equipoise and the benefit of the doubt must be resolved in favor of the Veteran. Therefore, entitlement to service connection for a thyroid disability is warranted. 38 U.S.C.A. §5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 


ORDER

New and material evidence has been received and reopening of the claim of entitlement to service connection for a thyroid disability is granted.

Entitlement to service connection for a thyroid disability is granted.



____________________________________________
Kristin Haddock
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs